12-02-035323

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CITIBANK, N.A., | CIVIL NO: |
| Plaintiff, | RE:   Collection of Money and Mortgage Foreclosure |
| v. | |
| Luis José de los Santos Alemany, | |
| Defendants. | |

**COMPLAINT**

TO THE HONORABLE COURT:

COMES now, **CITIBANK, N.A.,** hereinafter referred to as "**Citibank**", by the undersigned attorney, and very respectfully states, alleges and prays:

**I Parties**

1. Citibank is a corporation with its principal place of business in 1000 Technology Drive O'Fallon, MO 63368.

2. Luis José de los Santos Alemany hereinafter will be referred to as "the defendant or the mortgagor".

3. Defendant's last known address is located in San Juan, Puerto Rico.

**II Jurisdiction and Venue**

4. This Honorable Court has jurisdiction over the instant case pursuant to the provisions of 28 U.S.C. § 1332 (a)(1) because the amount claimed, exclusive of interests and costs, exceeds $75,000.00 and the parties are citizens of different States.

5. Venue is proper pursuant to 28 U.S.C. 1391 (b) (1) because the mortgagor's residence is in Puerto Rico.

**III Allegations**

6. On March 21, 2003, for value received, a mortgage note payable to Citibank, N.A. or order was executed before Notary Public Pedro D. Quiles Mariani, affidavit number 24,316, hereinafter "**the note or the instrument**". The note in the principal sum of $233,750.00 bears interests on the unpaid principal balance at the rate of 6.375% per annum until the debt is paid in full.

7. The principal and interests due under the note are payable in monthly installments.

8. The note provides for the payment of late charges in the amount of 5.000% of each and any monthly installment not received by the note holder within 15 days after the installment is due and for the payment of 10% of the original principal amount ($23,375.00) to cover costs, expenses, and attorney's fees in the event the holder of the Note is required to seek judicial collection.

9. A voluntary mortgage was constituted by deed number 13 executed before the notary public Pedro D. Quiles Mariani on March 21, 2003, hereinafter "**the mortgage deed**" to secure the repayment of (a) the indebtedness evidenced by the note, (b) an amount of 10% of the original principal amount ($23,375.00) of the note to cover costs, expenses and attorney's fees in the event of judicial collection, (c) an amount of 10% of the original principal amount ($23,375.00) of the note to cover any advances made under the mortgage deed and, (d) an amount of 10% of the original principal amount of the note ($23,375.00) to cover interests in addition to

those secured by law.

10. The mortgage encumbers the below described property, hereinafter "**the property**".

> *URBANA: Solares marcado con el número 178 en el plano de inscripción condicionado de la Urbanización San Agustín, radicada en el Barrio Sabana Llana del sitio denominado Río Piedras del término municipal del Gobierno de la Capital de Puerto Rico, con una cabida superficial de 1363.24 metros cuadrados. En lindes por el Norte, en 40.32 metros con el solar número 177 del mencionado plano; por el Sur, en 63.24 metros con los solares número 208, 209 y 179 del mencionado plano; por el Este, en 36.60 metros con los solares número 212, 213 y 214 del mencionado plano; y por el Oeste, en 8.96 metros, con la calle denominada calle número 3 del mencionado plano.  Enclava edificación para fines residenciales.*

11. The property is identified with the number 2167 and is recorded at page number 56 of volume number 52 of Sabana Llana, in the Registry of Property of **San Juan, Fifth Section.**

12. The mortgage is recorded at page number 236 of volume number 983-A of Sabana Llana, **Eleventh** entry in the Registry of Property of **San Juan, Fifth Section.**

13. In accordance with the Registry of Property the defendant is the owner of the property.

14. Pursuant to 19 L.P.R.A. sec.601, Citibank is the person entitled to enforce the instrument.

15. It was expressly stipulated in the note and in the mortgage deed that default in the payment of the monthly installments or noncompliance with the covenants or agreements included in the note and/or the mortgage deed would authorize the holder of the

3

note to declare due and payable the total amount of the indebtedness evidenced by the note, and proceed with the execution and/or foreclosure of the mortgage.

16. The last payment made by the defendants under the mortgage note was the payment due August 1, 2011. The defendants herein have failed to comply with the terms of the note and the mortgage deed and have breached their duty to pay the monthly installments due since August 1, 2011 and thereafter until the present day.

17. Citibank has tried to collect the indebtedness evidenced by the mortgage note without avail thus the entire principal sum and accrued interests and expenses have become due and payable pursuant to the acceleration clause of the note and the mortgage deed.

18. After declaring all the indebtedness of the defendants due and payable, the defendants owe Citibank the principal sum of $205,276.87 plus interest at a rate of 6.375% per annum since August 1, 2011. Such interests continue to accrue until the debt is paid in full. The defendant also owes Citibank late charges in the amount of 5.000% of each and any monthly installment not received by the note holder within 15 days after the installment was due. Such late charges continue to accrue until the debt is paid in full. The defendants also owe Citibank all advances made under the mortgage note including but not limited to insurance premiums, taxes and inspections as well as 10% of the original principal amount ($23,375.00) to cover costs, expenses, and

attorney's fees guaranteed under the mortgage obligation.

19. Plaintiff will present at the Registry of Property of San Juan, Fifth Section a notice of *lis pendens* over the property that is subject of the instant action.

**WHEREFORE**, in view of the above plaintiff hereby respectfully requests that the remedy herein sought be granted and demands the entry of judgment as follows:

a. That defendants pay Citibank the amounts claimed in paragraph 18 of this complaint;

b. Or in default thereof that an Order and a Writ of Execution be issued so as to allow for all legal rights, title and interests which the defendants may have in the above described property and any building or improvement thereon be sold at a public auction and that the monies due to Citibank as alleged in the preceding paragraphs be paid out of the proceeds of the judicial sale;

c. That the defendants be absolutely barred and foreclosed from all rights and equity redemption in and to said property;

d. That if the proceeds of the judicial sale are insufficient to cover the amounts specified under paragraph (a) of this prayer, the defendants be adjudged to pay Citibank the total amount of money remaining unsatisfied and execution be issued forthwith against the defendants for the payment of the deficiencies against any of the properties of said defendants;

e. That if the proceeds of the judicial sale exceed the sum of

money to be paid to Citibank as aforesaid, any such excess be deposited with the Clerk of this Court subject to further orders from the Court;

f. That once the property is auctioned and sold, the Clerk of this Court issue a writ addressed to the Registry of the Property ordering the cancellation of any junior liens recorded therein;

g. Order such further relief as in accordance with the law and equity may be just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this June 1, 2016.

      **MARTINEZ & TORRES LAW OFFICES**
      P.O. Box 192938
      San Juan, PR 00919-2938
      Tel. (787) 767-8244
      Fax  (787) 767-1183

      /s/ Vanessa M. Torres Quiñones
      _____
      By:  Vanessa M. Torres Quiñones
      USDC -PR 217401
      *vtorres@martineztorreslaw.com*